INHABITANTS OF BRUNSWICK, *Appellants from a decree of the County Commissioners.*

The authority of the Court over appeals from the judgment of County Commissioners, under c. 28 of the Acts of 1847, is limited to the appointment of a committee, and action upon their report.

In such cases, objections to the constitutional existence of the County Commissioners, or to their proceedings from which the appeal was taken, cannot be entertained.

The report of such committee can only be impeached for error, fraud or gross partiality.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

The facts of the case are stated in the opinion of the Court.

To the report of the committee appointed by the Supreme Court, the appellants filed the following objections:—

1. Because by the terms of the report in said case, it does not appear, that said proposed road, was adjudged to be of common convenience and necessity.

2. Because on the face of said report, it appears, that said road is not a road leading from town to town.

3. Because it appears by said report, that said road is located over lands, to the proprietors of which, the Commissioners have neither awarded any damage, nor found that they did not sustain any, making no adjudication respecting the same.

4. Because the entire proceedings in said case, are irregular, null and void, and ought not to be the foundation of a judgment of this Court, inasmuch as the County Commissioners being judicial officers, are not appointed by the Governor, with the advice and consent of the ·council, in· conformity with the requirements of the constitution of this State.

These objections were overruled and the report ordered to be accepted. The appellants filed exceptions.

*Barrows,* for the appellants, urged the objections taken at *Nisi Prius.* To support the first, he cited R. S., c. 25, Art. 1, § 3; 2 Mass. 171; 6 Mass. 491.

In support of the second he cited c. 25, R. S., Art. 1, § 1; *Pettengill, Pet.,* 21 Maine, 377.

For the third, § 3, of same c., R. S.

In support of the fourth objection, Const. of Maine, Art.

5, part 1, § 8 ; *Kennebec Toll Bridge, Petr's*, 11 Maine, 263 ; Stat. of 1847, c. 28, § 4; *Rutland* v. *County Commissioners*, 20 Pick. 79.

*Anderson & Harmon*, for the original petitioners, contended that it was questionable whether this is a matter open to exceptions. *Clapp* v. *Hanson*, 15 Maine, 345.

The remedy, if any needed, must be obtained by *certiorari*. R. S., c. 28, § 2; *Dow* v. *True*, 19 Maine, 46.

And that the appeal from the Commissioners to this Court is not such as vacates the judgment of the County Commissioners. It only suspends the proceedings. Laws of Maine, 1847, c. 28, § 2.

*A. P. Deane, County Att'y*, for the county, to the first of appellants' objections, cited *Cushing* v. *Gray*, 23 Maine, 9.

To the second, R. S., c. 25, § 3 ; *Parsonsfield* v. *Lord*, 23 Maine, 511 ; 19 Maine, 338 ; 26 Maine, 353.

To the third, the same authorities.

To the fourth, R. S., c. 99, § 1, and Laws of 1831, c. 500, § 1; *Goodwin* v. *Inhabitants of Hallowell*, 12 Maine, 276, and 29 Maine, 196.

That exceptions do not lie to such cases, he cited 29 Maine, 288; *County Commissioners* v. *Spofford*, 30 Maine, 456.

CUTTING, J. — Robert Pennell and 118 others petitioned the Court of County Commissioners to lay out a road, leading more direct than the old route, from Brunswick to Harpswell Neck. The Commissioners, at their December term, A. D. 1853, after the necessary preliminary proceedings, located the road and caused the same to be recorded, and from their decision the appellants, having entered their appearance and considering themselves aggrieved, appealed to this Court, who, at the January term, A. D. 1854, appointed a special committee to revise the doings of the Commissioners. This committee, at the April term following, made their report, confirming the judgment of the Commissioners, to the ac-

ceptance of which objection was made. The report was accepted, to which ruling exceptions were taken.

Prior to the statute of April 17, 1841, the Court of County Commissioners exercised exclusive jurisdiction in the location, alteration or discontinuance of highways leading from, town to town, and from their decision no appeal could be taken, but the remedy for the aggrieved party, if any, was by a petition to this Court for a writ of *certiorari* to quash the proceedings. By that statute an appeal lay to this Court, who were "vested with appellate jurisdiction, with full power to revisè, affirm, modify or annul any decision or adjudication, brought before them by such appeal, as justice to the parties or the public good may require." This statute was repealed by that of March 14, 1842, which in substance was a reënactment of the former Act with certain restrictions and limitations and conditions respecting costs.

By the provisions of those Acts, on an appeal, it became necessary for this Court, in order to ascertain what "justice to the parties or the public good might require," personally to view the route, as the Commissioners were required to do and had before done; for the reason, that an appeal to a Court, having an appellate jurisdiction, vacates the proceedings in the lower and requires the superior Court to commence *de novo*. To perform such services this Court could rarely find sufficient time or opportunity.

On February 29, 1844, the Act of 1842 was repealed, saving, however, all appeals under its provisions; and thus terminated a law, the practical operation of which was to transfer all the business of the Court of County Commissioners to this Court. The County Commissioners were then again restored to their former final jurisdiction, which they continued to exercise until August 2, 1847, when another statute was passed, granting appeals from their decision to the (then) District Courts, whose jurisdiction in that particular has since been transmitted to this Court. By the 3d § of this Act this Court are now authorized, on appeal, "to appoint a special committee of three disinterested per-

· sons, who, after giving such notice as the Court shall order, and being duly sworn, *shall proceed to view the route named in the original petition ;* and after a hearing of the parties and their evidence, shall report at the next term, whether in their opinion the judgment of the County Commissioners shall be, in whole or in part, affirmed or reversed." To this committee are delegated certain powers, and over their acts this Court have no other control than that of the acceptance or rejection of their report, which, like the report of referees, appointed by Court, cannot be impeached except for error, fraud or gross partiality, of which in this case there is no pretence.

It will be perceived that the statute of 1847 varies from the former statutes, in *suspending* instead of vacating the proceedings of the Commissioners, for when an appeal is taken " thereupon all proceedings shall be *stayed* in said Court of County Commissioners, until a decision shall be had in said District Court." § 2. And when had, judgment shall be entered accordingly and forthwith certified to the Court of County Commissioners. And "if such judgment shall be wholly against the location, alteration or discontinuance in question, no further proceedings shall be had thereon by the County Commissioners; but if otherwise, then the County Commissioners shall proceed to lay out, alter, or discontinue such highway in whole or in part, as the judgment may be." § 4. This Act no where authorizes the committee to decide abstruse questions of law, such as the constitutional existence of the Court of County Commissioners, but " *to view the route named in the original petition.*" Neither does it authorize this Court, on an appeal, to do otherwise, than to appoint the committee, act upon their report, and upon its acceptance, to enter judgment and forthwith certify the same to the Commissioners, who, in their subsequent proceedings, are to be controlled by such judgment.                    *Exceptions overruled.*

HOWARD, RICE and HATHAWAY, J. J., concurred.